IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:24-CR-00109-JCB-JDL |
| GEORGE HALL | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 20, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine, a Class B felony, Defendant George Hall was sentenced on February 11, 2021, by United States District Judge David Counts, Western District of Texas. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. The Court sentenced Defendant below the guideline imprisonment range to imprisonment for a term of 75 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include mental health and substance abuse treatment. Defendant completed his term of imprisonment and started his term of supervised release on July 24, 2024.

Jurisdiction was transferred to this district on September 3, 2024, and the case was assigned to United States District Judge J. Campbell Barker. The Court modified Defendant's conditions

1

of supervised release on December 23, 2024, to include a 180-day placement in a residential reentry center.  Defendant started serving that placement on January 22, 2025.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on April 9, 2025, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant submitted positive drug tests for marijuana on August 6, 2024, October 31, 2024, November 4, 2024, and November 22, 2024.  All tests were confirmed positive by the lab and were determined to be new drug use, not residual use.

2. **Allegation 2 (special condition):  The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, shall supervise participation in the program.  The defendant shall pay the cost of such treatment if financially able.  The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program.  The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs.  The probation officer shall supervise the participation in the program.  During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.  The defendant shall pay the costs of such treatment if financially able.**  It is alleged that Defendant failed to attend a scheduled appointment for integrated mental health and substance abuse treatment with provider Sherry Young on August 12, 2024.

3. **Allegation 3 (special condition):  The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately.  The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons guidelines.**   It is alleged that Defendant was unsuccessfully discharged from the County Rehabilitation Center in Tyler, Texas on March 26, 2025.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

### *Hearing*

On May 20, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 7 months to be followed by a 1-year term of supervised release. The recommended sentence of 7 months includes and accounts for unserved community confinement. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville or, alternatively, FCI Texarkana.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 7 months to be followed by a 1-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 7 months to be followed by a 1-year term of supervised release. The term of imprisonment includes and accounts for unserved community confinement. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville or, alternatively, FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 7 months to be followed by a 1-year term of supervised release.

So ORDERED and SIGNED this 20th day of May, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE